GRAVES, Circuit Judge,
specially concurring:
I concur in the result reached by my colleagues, but I am unconvinced that the district court’s sole abuse of discretion was failing to find “that the August 16 meeting between Buckhanan and Battle was a separate, distinct event which did not constitute a compromise offer or negotiation under Rule [of Evidence] 408.” Instead, the district court abused its discretion by finding that Rule 408 applied at all.
“By its terms, Rule 408 protects only conduct or statements made in compromise negotiations regarding a claim that was disputed as to validity or amount.” Lyondell Chemical Co. v. Occidental Chemical Corp., 608 F.3d 284, 295 (5th Cir. 2010) (quotations omitted). Rule 408 “does not exclude statements made before such a *351 controversy arises, and does not exclude pre-controversy conduct either.” 2 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 4:57 (4th ed.).
In Lyondell Chemical Co., this Court grappled with the meaning of “claim” in the Rule 408 context. In that case, we rejected that “Rule 408 only bars the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim.” Id. at 296 (emphasis in the original). Instead, we endorsed a “loose ‘transactional’ test” requiring that a dispute at least “arise out of the ‘same transaction’ in order to trigger Rule 408.” Id. at 297. We stated: “Four circuits—including this one—have applied Rule 408 to distinct legal claims arising out of a common event.” Id.
Here, Buckhanan claims that the VA improperly terminated her when she did not drop her 2010 EEOC claim. Because the present controversy concerns an act of retaliation—the termination—it could not have arisen until Buckhanan was fired in October 2012. The VA admits that it made its settlement offer to Buckhanan before she was terminated. Consequently, Rule 408 does not apply. Furthermore, Buck-hanan’s 2010 EEOC claim is unrelated to her 2012 request for a reshoot, which forms the basis of her present retaliation claim. When Buckhanan originally filed her EEOC claim, she could not have anticipated that she would need to have a firearm qualification retest. In fact, Buckhan-an was fully qualified with her firearm when she filed her EEOC claim.
For the reasons stated above, the district court erred in finding that Rule 408 was applicable to the present controversy.